IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **RICHARD STEVE DEBORD,** | ) |
| Plaintiff, | ) Case No. 1:14CV00039 |
| v. | ) **OPINION AND ORDER** |
| **ROBERT LEE GRASHAM, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*B.L. Conway, II, Conway Law Firm, P.L.L.C., Abingdon, Virginia, for Plaintiff; Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

In this motor vehicle personal injury case, removed from state court, the defendant driver moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff's claim that he was guilty of negligence per se, as well as a claim for punitive damages.[1] I will deny the motion.[2]

It is alleged in the Complaint that the accident happened at a certain place on Interstate 81 in this judicial district, on June 5, 2012, when a tractor trailer truck, operated by the defendant, "changed from the left lane to the right lane, violently

---

[1] The Motion to Dismiss also sought the dismissal of a second defendant, EETran Leasing, L.L.C. However, the plaintiff has now moved for a voluntary dismissal of that defendant, which motion I will grant.

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

crashing into the driver's side of Plaintiff's vehicle, and almost knocking Plaintiff's vehicle off of the Interstate." (Compl. ¶ 7.) The plaintiff further avers that the defendant was negligent in that he

    a.    failed to keep a proper look out;

    b.    failed to yield the right-of-way;

    c.    failed to keep his vehicle under proper control; [and]

    d.    violated the laws of the Commonwealth of Virginia for which he is negligent *per se*.

(Compl. ¶ 11.)

The defendant contends that the allegation set forth in part "d." above is insufficient because it does not identify a particular state statute that proscribes the conduct at issue. *See Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823, 825 (Va. 2000) (setting forth elements of a negligence per se claim). The defendant also contends that the Complaint's request for punitive damages is insufficient because it fails to state any facts that would support such damages under state law.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

I find that the Complaint passes muster. As to the negligence per se claim, complaints are meant to state facts, not citations of law. *See Alvarez v. Hill,* 518

-2-

Case 1:14-cv-00039-JPJ-PMS   Document 20   Filed 07/28/14   Page 2 of 4   Pageid#: 95

F.3d 1152, 1157 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss."); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992) ("Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations.").

In regard to the punitive damages claim, I agree with my colleague Judge Urbanski that a Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law. *See Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, No. 5:13cv00120, 2014 WL 1906835, at *7-8 (W.D. Va. May 13, 2014) (Urbanski, J.) ("[T]he nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted."); *see also Pavic v. Laser Spine Inst., LLC*, No. 8:13-cv-02578-EAK-EAJ, 2014 WL 2707953, at *3 (M.D. Fla. June 13, 2014) ("Plaintiff's only burden when claiming punitive damages in her pleading is to state the relief to which she believes she is entitled."); *Somera v. Indymac Fed. Bank, FSB,* No. 2:09-cv-01947-FCD-DAD, 2010 WL 761221, at *10 (E.D. Cal. Mar. 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit.").

Of course, at the summary judgment stage, or if the plaintiff sought embarrassing, oppressive or burdensome discovery relevant to any relief sought, the plaintiff likely would be required to show the factual basis of his claim. At this point, however, I will not preclude recovery of punitive damages.

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's Motion to Non-Suit (ECF No. 18), construed as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), is GRANTED and its action against defendant EETran Leasing, L.L.C., is DISMISSED WITHOUT PREJUDICE and said defendant is terminated as a party to this action; and

2. Defendants' Motion to Dismiss (ECF No. 7) is DENIED.

ENTER: July 28, 2014

/s/ James P. Jones
United States District Judge